ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KEITH LONDON | ) | CV400-282 |
| | ) | (underlying CR497-181) |
| v. | ) | appeal no. 98-8154 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

## GOVERNMENT'S RESPONSE IN OPPOSITION TO LONDON'S 28 U.S.C. § 2255 MOTION

COMES NOW the United States of America, by and through Harry D. Dixon, Jr., United States Attorney for the Southern District of Georgia, and files this response in opposition to Keith London's § 2255 motion. For the following reasons, London's motion should be denied.

### 1. Procedural History

Following a jury trial, London was convicted on counts 1, 5, 6 and 9 of indictment CR497-181.[1] On January 28, 1998, this Court sentenced London to 206 months imprisonment and five years supervised release on each count, to be served

---

[1] Count 1 of the indictment charged London (and his codefendants) with conspiracy to aid and abet the distribution of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. Counts 5, 6 and 9 charged London with attempting to aid and abet the distribution of cocaine, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.

concurrently.

London appealed, challenging 1) the sufficiency of the evidence supporting his conspiracy conviction; 2) the Court's denial of a downward departure based on sentencing entrapment/manipulation, which London argued resulted in an erroneous drug quantity being attributed to him by the Court; 3) the ineffectiveness of trial counsel's representation, based on counsel's failure to ask the Court to grant London a sentence reduction for his mitigating role in the offense (USSG § 3B1.2) and for acceptance of responsibility (USSG § 3E1.1). On October 13, 1999, the court of appeals affirmed the judgment of this Court in an unpublished opinion.

London is presently incarcerated at the Federal Medical Center, Butner, North Carolina. His 28 U.S.C. § 2255 motion was signed and dated October 11, 2000, within the one year limitations period applicable to motions under that section. By motion dated October 30, 2000, London sought leave to amend his § 2255 motion.[2]

## 2. Issues Presented

In his § 2255 motion, London challenges his conviction and sentence on the following grounds: 1) elements of the offense (drug quantity and Sentencing

---

[2]London failed to serve a copy of his motion to amend on the undersigned. The government became aware of his filing via the Court's order of November 9, 2000, granting London's motion to amend. The copy of London's motion to amend that the government obtained from the clerk's office does not include a certificate of service.

2

Guidelines firearms enhancement) not charged in indictment (Apprendi claim); 2) ineffective assistance of counsel, based on counsel's failure to object to contraband attributed to defendant; 3) ineffective assistance of counsel for counsel's failure to file pretrial motion to dismiss the indictment, or request a jury charge, based on the government's over-reaching/misconduct; 4) the Court's ex parte communications with the jury during deliberations; 5) ineffective assistance of counsel, based on counsel's failure to raise the issue of a downward adjustment under USSG § 3B1.2 (minor/minimal participant); 6) the Court's erroneous application of an upward adjustment for defendant's possession of a firearm during a drug trafficking offense (USSG § 2D1.1(b)(1)); 7) allegedly false information provided by witnesses and informants regarding the investigation of London's case; and 8) ineffective assistance of counsel, based on counsel's failure to challenge on direct appeal the drug quantity attributed to London by the Court at sentencing. In his motion to amend, London further develops his claim of government entrapment.

### 3. **Procedural Bar - Issues Not Raised on Direct Appeal**

London raises claims for the first time on collateral review (issues number 1 [Apprendi], 3, 4, 6 and 7). If a challenge to a conviction is available to be advanced on direct appeal and a defendant fails to do so, the claim is considered procedurally defaulted in a § 2255 proceeding. Mills v. United States, 36 F.3d 1052, 1055 (11th Cir.

1994). A ground of error is "available" to be advanced on direct appeal when "its merits can be reviewed without further factual development." Id. The merits of London's claims could have been reviewed without further factual development beyond the trial and sentencing record. These claims were thus available to be raised on direct review as defined by Mills. Absent a showing by London of 1) cause for not raising the grounds on appeal, and 2) actual prejudice resulting from the alleged errors, this Court may not consider his claims. United States v. Frady, 456 U.S. 152, 167-68 (1982); Mills, 36 F.3d at 1055.

### 4. Issues Raised and Rejected on Direct Appeal

Issues 1, 2, and 8 (all pertaining to drug quantity)[3] and issue 5 (mitigating role in the offense reduction) of London's § 2255 motion were unsuccessfully challenged by London on direct appeal. The Eleventh Circuit has stated that a defendant is not entitled to collateral relief based on a claim that was raised and rejected on direct appeal, and which is merely "re-characterized" in a § 2255 motion. United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000). These issues of London's § 2255 motion are therefore procedurally barred.

---

[3]In his § 2255 motion, London complains that his counsel was ineffective for failing to object to drug quantity, and for failing to raise the issue on appeal. However, the record demonstrates that counsel did raise the issue in the PSI objections, at sentencing, and on direct appeal. PSI addendum; Sent. Tr. pp. 7-9, 10-12.

4

## 5. Discussion and Citation of Authority

### a. Ineffective Assistance of Counsel, Generally

London, who was ably represented at trial and at sentencing by retained attorney Teddy Solomon, contends that he was ineffectively represented by counsel. T prevail on a claim of ineffective assistance of counsel, the defendant bears the burden of establishing by a preponderance of the evidence that his attorney's performance was deficient, and that he was prejudiced by the inadequate performance. Strickland v. Washington, 466 U.S. 668, 689 (1984). To establish deficient performance, the defendant must prove that his counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy. There is a strong presumption that the challenged action constitutes sound trial strategy. Chateloin v. Singletary, 89 F.3d 749, 752 (11th Cir. 1996). The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error, in light of all the circumstances, and the standard of review is highly deferential. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To establish prejudice, the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 689; Mills

5

v. Singletary, 63 F.3d 999, 1020 (11th Cir. 1995); King v. Strickland, 748 F.2d 1462, 1463 (11th Cir. 1984).

### b. London's Apprendi Claim

#### 1. Drug Quantity

London argues that his sentence should be reduced because the indictment in his case failed to allege drug quantity, and because the drug quantity was determined by the Court rather than proved to the jury beyond a reasonable doubt. See Apprendi v. New Jersey, 120 S.Ct. 2348 (2000). Recently the Ninth Circuit court of appeals held that the non-retroactivity principle pronounced in Teague v. Lane, 489 U.S. 288 (1989) prevents a habeas petitioner from benefitting from Apprendi's new rule on collateral review. Jones v. Smith, 2000 WL 1664426, *8 (9th Cir., Nov. 7, 2000). But see United States v. Nicholson, 2000 WL 1634731, *6 (8th Cir. Nov. 1, 2000) (stating in dictum that the court of appeals was not precluded from applying Apprendi in a case where an untimely appeal was considered as a motion for post-conviction relief under 28 U.S.C. § 2255, where petitioner had not previously collaterally attacked his conviction).

Even if London's sentence were reconsidered in light of Apprendi, however, he would receive no benefit. The Court sentenced London to 206 months imprisonment. Since this is within the statutory maximum without reference to drug

quantity under 21 U.S.C. § 841(b)(1)(C), there is no Apprendi error. United States v. Gerrow, 2000 WL 1675594 (11th Cir. Nov. 8, 2000).

### 2. Firearms Enhancement

London also suggests that the rule announced in Apprendi precludes his sentence from being enhanced under USSG § 2D1.1(b)(1) for possession of a dangerous weapon.[4] However, the Eleventh Circuit has expressly stated that Apprendi does not apply to Sentencing Guidelines determinations where, as here, the resulting sentence does not exceed the statutory maximum (e.g., 240 months under 21 U.S.C. § 841(b)(1)(C)). United States v. Nealy, 2000 WL 1670932, *4 n.3 (11th Cir. Nov. 7, 2000).

### c. Government Over-reaching/Misconduct

London contends his counsel was ineffective for not filing a motion to dismiss the indictment in his case due to government over-reaching and prosecutorial misconduct. London, among other things, claims that the only defendant who testified at trial was acquitted. However, this is not the case. The record reflects that

---

[4]The record supports the application of the firearms enhancement, as London and the other officers involved each were informed in a taped undercover meeting that possession of their police badges and firearms was required at the cocaine transactions for which they provided security. PSI ¶ 8. Further, London admitted after his arrest that he was in possession of a firearm during every illegal act in which he participated. PSI ¶ 10. London did not contest the firearms enhancement at sentencing or on appeal.

7

Coleman testified in his own defense and was convicted on all counts. At sentencing, the Court gave him a two-level enhancement for obstruction of justice based on his perjured testimony at trial. London contends that his counsel was ineffective for recommending that he not testify at trial. However, it is obvious, given London's full confession, that attorney Solomon was protecting his client from a similar fate (i.e., USSG § 3C1.1 enhancement for perjury).

On direct appeal London's codefendants Coleman and Gorham challenged the Court's denial of dismissal motions based on their theory of selective prosecution, and Coleman claimed on appeal that he was entrapped or induced by the government to commit the crimes with which he was charged, as did London in his evidentiary sufficiency and sentence entrapment arguments on appeal. The court of appeals affirmed London's, Gorham's, and Coleman's convictions, and found no error. London may not revisit these issues in a § 2255 motion. Nyhuis, 211 F.3d at 1343.

### d. Court's Communications with Jury During Deliberations

London states that the Court had improper ex parte contacts with the jury during its deliberations. In support of his contentions, he cites docket entries 204, 205 and 206.[5] An examination of these items refutes London's assertions.

---

[5] Copies of the documents in question were obtained from the clerk's office and are appended hereto as exhibits.

8

Document 204 is a note from the jury foreman informing the Court that a photo and an exhibit label were missing from the items that went out with the jury during deliberations.[6] Document 205 is a reply from the Judge stating that the jury would not be authorized to see any documents that were not already in the jury room. Finally, document 206 is a request from the Court to the jury regarding whether the jury wished to continue to deliberate that evening, or would prefer to return in the morning. None of these documents supports London's claim of improper ex parte contacts with the jury.

### e. Alleged False Information Provided to the Government

London argues that his conviction is tainted because various individuals (Julius Hall, Michael Woodard, and Charles Ford) allegedly provided false information to the FBI during its investigation of corrupt police officers in Savannah. He contends their information is suspect because they were cooperating pursuant to plea agreements with the government, for which they expected sentence reductions.

None of the individuals cited in the petitioner's motion testified at trial or

---

[6]The trial transcript reflects that the Court, in the presence of counsel for the parties, instructed the Marshal to ensure all trial exhibits went to the jury room with the jury. Trial Tr. p. 1389. The Court instructed the jury that they would have all the materials (i.e., documents and other trial exhibits admitted by the Court at trial) with them to assist them in judging the facts. Trial Tr. p. 1387. Counsel had no exception to the Court's instruction to the jury. Trial Tr. p. 1388.

9

before the grand jury regarding this case.[7] Moreover, London's argument completely ignores the overwhelming evidence against him at trial. London and his codefendant Gorham were recruited into the conspiracy by Keith Coleman. At an initial meeting, a cooperating witness told London and Gorham: "Let you know what's coming in. Cocaine. You can do it. If you don't, you can hit the door right now. If you don't want to do it, it still won't be no hard feelings.... Everybody can depart on good terms." Trial Tr. pp. 529, 530. London and Gorham agreed to participate and each wrote on a piece of paper the price he would charge to provide protection to cocaine shipments -- $3,000. Trial Tr. pp. 536, 537. The cooperating witness informed them that "kilos of cocaine" were coming into Savannah. Trial Tr. p. 542. Coleman told London and Gorham that "truckloads" of cocaine was involved and if the need to dispose of cocaine arose, they could not just throw away "30, 40, 50 thousand dollars" worth. Trial Tr. p. 541. London and Gorham were informed that they needed their badges and guns to provide security. Trial Tr. p. 532. London participated in a total of three scenarios where he knowingly provided security escorts for shipments of cocaine, 4.7 kilograms on each occasion, for which he was paid a

---

[7]Charles Ford testified at the trial of Billy Medlock, another Savannah police officer. Ford was subsequently convicted of perjury arising from his testimony at that trial, and the district court was notified of this incident. Ford provided no information concerning London or any of his codefendants.

total of $10,000. Trial Tr. pp. 242, 253, 374, 543, 560-63, 589-91.

After his arrest, London waived his rights and made a statement that he had agreed to protect three shipments of cocaine transported to a warehouse. Trial Tr. p. 975, 977-78, 980. He admitted that he had written down sums of money that he would accept for providing his services. Trial Tr. p. 978. He further admitted that he always carried a .45 caliber police pistol and a shotgun during these protective escorts. Trial Tr. pp. 979-80.

Given the evidence against him -- including audio and videotapes, and London's own post-arrest admissions -- even assuming (without admitting) that London's assertion regarding information provided to the FBI in his and other cases is true, no relief is due to London. The court of appeals ruled that sufficient evidence supported London's conviction. No matter how the investigation into London's case was conceived, the evidence against him was overwhelming, and he admitted his own wrongdoing in a post-arrest statement. Nothing in this ground of London's § 2255 motion countermands the jury's guilty verdict.

### 6. Conclusion

London's claims are either procedurally barred, barred by previous adverse litigation on direct appeal, or without merit. Despite his claim of deficient representation by counsel, he has not made a showing of ineffectiveness under the

familiar standard set forth in Strickland v. Washington, 466 U.S. 668, 689 (1984).[8]
He is entitled to no relief here.

WHEREFORE, the government respectfully requests that this Court issue an Order denying London's 28 U.S.C. § 2255 motion, as amended, and for such other relief the Court deems appropriate in this case.

Respectfully submitted,

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

---

[8]Counsel is not ineffective for failing to raise meritless issues on appeal. Nyhuis, 211 F.3d at 1344.

We are missing a photo of the Marriott. The one with the truck and the white Honda.

And we are missing the label on government exhibit number 53

*Elmo Breen, Jr. Foreman*

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
9:00 P M.
11-21  19 97
Deputy Clerk

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
9:10 P M.
11-21 1977
Deputy Clerk

Members of the jury.

The Court is not authorized to allow you to see any documents that are not presently in the jury room

B. Avant Edenfield,
Judge

7

Ladies and Gentlemen of the Jury

Do you wish to continue your deliberations this evening, or do you wish to return in the morning?

✓ Yes, we wish to continue

___ No, we prefer to come back in the morning

U. S. DISTRICT COURT
Southern District of Ga.
Filed in Office
10:00 P.M.
11-21   19 97
_____
Deputy Clerk

B. Avant Edenfield,
Judge

206

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the government's response in opposition to Keith London's 28 U.S.C. § 2255 motion has been mailed to:

Keith London, Inmate Reg. No. 09595-021
Federal Medical Center
Post Office Box 1600
Butner, NC 27509

This 6th day of December, 2000.

HARRY D. DIXON, JR.
UNITED STATES ATTORNEY

*Carlton R. Bo*
Carlton R. Bourne, Jr.
Assistant United States Attorney
SC Bar No. 007868

U. S. Attorney's Office
100 Bull Street, Suite 201
Savannah, GA 31401
(912) 652-4422